Stegall, J.,
concurring: I am compelled to concur with todays decision because I agree with our conclusion that “WaterOne’s petition did not condemn the Bonhams’ interest and WaterOne did not obtain the right to interfere with the Bonhams’ interest.” 304 Kan. at 612. And because WaterOne’s petition was drafted, on its face, so as not to condemn the Bonhams’ easement, the Bonhams’ were not statutorily entitled to receive notice of the condemnation proceedings.
At oral argument, the Bonhams’ counsel made it clear that his clients were aware of the alternative remedies available to them for the alleged interference with and trespass against their property interest. We discuss some of those alternative remedies above. Counsel further plausibly represented — and we have no reason to doubt — that the Bonhams’ reasons for bringing this action (as opposed to an after-the-fact claim for damages) is because they are chiefly concerned with vindicating their perceived right to have received notice of the condemnation proceedings at the outset.
Without question, notice is a fundamental component and policy objective of the Kansas Eminent Domain Procedure Act (EDPA). See K.S.A. 2015 Supp. 26-503. However, the reality our decision today manifests without articulating — a state of affáirs deserving explicit acknowledgment — is that the EDPA grants condemning authorities carte blanche to consciously limit the scopie of the required notice through drafting gamesmanship. If complete and widespread notice is indeed a fundamental policy objective of the legislature, as it appears to be, this case simply illustrates that the statutory language chosen by the legislature fails to implement that policy in an airtight manner.
In response to this failure of statutory language, my colleagues muster the hope that government actors will “be scrupulously fair in the exercise of eminent domain, always cognizant of the responsibility that comes with a power so great.” 304 Kan. at 613-14.1 am *620 not so sanguine. Instead, I am mindful that in the past, when considering the potential for abusive practices in eminent domain proceedings, we have noted that it is difficult to “conceive of a policy of government afflicted with greater potentials for abuse of a private citizen.” Ventures in Property I v. City of Wichita, 225 Kan. 698, 711, 594 P.2d 671 (1979) (summarizing with approval Board of Com’rs of State Inst. v. Tallahassee B. & T. Co., 108 So. 2d 74 [Fla. App. 1958]).
Left unchecked by flood walls erected either by the people’s representatives or by the people’s constitution, the power of the state will flow like an encroaching ocean into and through every available chink and crevice. The statutory requirement of prior notice is one such flood wall against the “abuse of a private citizen” in eminent domain proceedings. But in its absence, as today’s case aptly demonstrates, condemning authorities are more likely to take advantage of this crack in the law — the better to effect expansive exercise of power — than they are to be “scrupulously fair” and “cognizant of the responsibility that comes with a power so great.” 304 Kan. at 613-14.
Unfortunately for the Bonhams, their claim is a statutory claim and the failure of the statute to effectively guarantee to them and others like them the right to receive notice can only be remedied in tire legislature.